```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
CARLA ROMITA, LAWRENCE SCUDER, JOHN      :
MANISCALCO, and ALLISON A. HEANEY, as    :
TRUSTEES of the NEW YORK OIL HEATING     :    09 Civ. 9997 (DLC)
INSURANCE FUND,                          :
                       Plaintiffs,       :    MEMORANDUM
                                         :    OPINION & ORDER
             -v-                         :
                                         :
ANCHOR TANK LINES CORP. and RELIABLE     :
TRANSIT CORP.,                           :
                       Defendants.       :
                                         :
-----------------------------------------X
```

Appearances:

For Plaintiffs:

Jeffrey Stuart Dubin
Robert M. Saltzstein
Law Office of Jeffrey S. Dubin
464 New York Avenue
Huntington, NY 11743

DENISE COTE, District Judge:

　　　On January 13, 2011, the Court entered a default in favor of the plaintiffs Carla Romita, Lawrence Scuder, John Maniscalco and Allison A. Heaney, Trustees (collectively, "Trustees") of the New York Oil Heating Insurance Fund ("Fund"), and referred the matter to Magistrate Judge Andrew J. Peck for an inquest and Report and Recommendation as to damages ("Report"). On March 4, 2011, Judge Peck issued his Report. Neither party has submitted objections to the Report. For the following reasons, the Report's recommendations are adopted with some modification and

judgment is entered against defendants Anchor Tank Lines Corp. and Reliable Transit Corp. ("Defendants").

When deciding whether to adopt a report, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." King v. Greiner, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citation omitted).

The Trustees, who are fiduciaries of an employee benefit plan, filed a complaint on December 4, 2009, seeking to enforce obligations imposed on the Defendants by the provisions of the Agreement and Declaration of Trust ("Trust Agreement") and Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"). Trustees allege that Defendants were obligated to pay monthly contributions to the Fund, and that Defendants failed to make these payments from August 1, 2007 through November 30, 2009.

The Report makes the following recommendations as to damages to be recovered for the Trustees' claim. First, the Report correctly applies the rule that when a defendant is found liable for delinquent benefit contributions owed to an employee welfare or benefit plan under ERISA, the plaintiff may recover

2

the unpaid contributions.  29 U.S.C. § 1132(g)(2); Coan v. Kaufman, 457 F.3d 250, 258 (2d Cir. 2006).  The Report therefore recommends an award of $286,958.49 for the principal sum of unpaid contributions.

Second, the Report correctly recommends an award of prejudgment interest on the delinquent benefit contributions.  29 U.S.C. § 1132(g)(2)(B); Slupinski v. First Unim Life Ins. Co., 554 F.3d 38, 53-54 (2d Cir. 2009).  The Report correctly found that such interest is calculated from the date each missed payment first became due.  N.Y. C.P.L.R. § 5001.  The Report also correctly recommends that this interest be calculated at the rate prescribed by the Trust Agreement -- 18%, calculated on an annual basis.  29 U.S.C. § 1132(g)(2).  The Report therefore recommends the Trustees be awarded interest of $93,590.94 through March 4, 2011.  The Report does not include in its calculation interest that has accrued between the date of the Report and the date of this Opinion.  Extending the calculation of interest in the Report to include the 55 days that have since elapsed adds a further $7,783.26.  Therefore the total interest for the period starting when each unpaid contribution was due to the date of this Opinion is $101,374.20.

Third, the Report correctly recommends awarding the Trustees additional statutory damages in the amount equal to the greater of (1) interest on the unpaid contributions, or (2)

3

liquidated damages as provided for in the governing plan not to exceed twenty percent of the delinquent contributions.  29 U.S.C. § 1132(g)(2); Iron Workers Dist. Council of Western N.Y. v. Hudson Steel Fabricators & Erectors, Inc., 68 F.3d 1502, 1507 (2d Cir. 1995).  Prejudgment interest is $101,374.20, and twenty percent of the unpaid contribution is $57,391.70.  The Report therefore properly recommends awarding liquidated damages in an amount equal to the prejudgment interest, which is, as calculated above, $101,374.20.

Fourth, the Report correctly recommends an award of attorneys' fees and costs.  29 U.S.C. § 1132(g)(2)(D); Labarbera v. Clestra Hauserman, Inc., 369 F.3d 224, 226 (2d Cir. 2004).  The Report correctly applies the lodestar approach in calculating the fee award.  Perdue v. Kenny A. ex rel. Winn, 130 S. Ct. 1662, 1672 (2010); see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2007) (noting this Circuit's preference for the term "presumptively reasonable fee" instead of "lodestar").  Furthermore, the Report appropriately discounted the number of hours that were dedicated to "filing" and travel time.  Bridges v. Eastman Kodak Co., 102 F.3d 56, 59 & n.2 (2d Cir. 1996) (finding no abuse of discretion where district court reduced requested attorneys' fee award to reflect, inter alia, clerical and administrative tasks and travel time).  Therefore, this

4

Opinion accepts the Report's recommendation that attorneys' fees in the amount of $13,743.00 be awarded.  The Report also correctly recommends awarding costs in the amount of $504 for court filing fees and the cost of the process server.

Finally, the Report correctly recommends that the Trustees be granted post-judgment interest on all sums awarded.  But, the Report incorrectly sets the rate of such interest at 18%.  In ERISA cases, post-judgment interest is calculated at the rate set by 28 U.S.C. § 1961, so regardless of the rate set for pre-judgment interest in the Trust Agreement, the statutory amount should apply.  See Skretvedt v. E.I. DuPont De Nemours, 372 F.3d 193, 216 n.32 (3d Cir. 2004).  Therefore, this Opinion does not accept the Report's recommendation that post-judgment interest be awarded at 18%.

CONCLUSION

Finding no clear error in Magistrate Judge Peck's Report other than the adjustments necessary to calculate pre-judgment and post-judgment interest, the Report is adopted with the modifications described above.  The Clerk of Court shall enter judgment against the Defendants for $286,958.49 in unpaid contributions, $101,374.20 in prejudgment interest, $101,374.20 in additional statutory damages, $13,743.00 in attorneys' fees and $504.00 in costs, for a total of $503,953.89.  The Trustees

5

are also entitled to post-judgment interest pursuant to 28 U.S.C. § 1961 on all sums awarded.  The Clerk of Court shall close the case.  The parties' failure to file written objections precludes appellate review of this decision, except for the rate of post-judgment interest.  See United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).

     SO ORDERED:

Dated:    New York, New York
           April 29, 2011

_____
DENISE COTE
United States District Judge